WM. HICKS AND JAMES P. MARTIN v. JAMES DAVIS, LACY JOHNSON et al.

[1] EJECTMENT—POSSESSSON AS EVIDENCE OF TITLE.—In actions for the recovery of ~~a 23-537~~ land, possession is *prima facie* evidence of title, and this principle is firmly fixed in all common law jurisprudence.

IDEM—POSSESSION A QUESTION OF FACT.—To depart from the strictest simplicity and directness in the application of the rule, tends to destroy its value. The question as to the possession and identity of the land, should be left to the jury.

INJUNCTION—NATURE OF PROCESS.—The injunction is a mere remedial process, and when the party obtaining it has also obtained judgment upon his cause, the Court will not revise the propriety of granting the writ.

APPEAL from the Sixth Judicial District.

This action was for the recovery of a tract of land in Sacramento County, called the "Pocket." The complaint prayed for an injunction to restrain waste, which was granted. The defendants answered separately, claiming the portion occupied by them respectively, being 160 acres each; that the land was public land, and that they had complied with the Act prescribing the mode of maintaining and defending possessory actions on Public Land in this State, passed April 20th, 1852.

The plaintiffs proved that they had taken possession of the land in August, 1849, no person being thereon, and soon afterwards inclosed and commenced to build a house upon it, and that the defendant took possession of it in June or July, 1852. The inclosure of the plaintiff was by making a ditch from the river Cassimer to a slough. The Pocket is bounded by the river, the tule, the slough, and the ditch.

The Court instructed the jury that the plaintiffs could re- * cover if they were in prior possession of       [68] the premises in controversy, and had it inclosed within, by natural or artificial boundaries, or by both, and to

---

[1] Approved in *Dyson* v. *Bradshaw*, 23 Cal. 537; *Turner* v. *Aldridge*, 1 McAll. 232. See *Bradshaw* v. *Treat*, 6 Cal. 172; *Hutchinson* v. *Perley*, ante, 33; *Plume* v. *Seward, post*, 94; *Bequette* v. *Caulfield, post*, 278.

what extent they may have inclosed; and if the jury believed that the plaintiffs were in prior possession, it was evidence of a title in fee simple; that the law of California respecting the occupation of public land has nothing to do with this case. A party may have a fee simple title by possession merely, short of twenty years.

The defendants asked the Court to give the following instructions, which were refused by the Court, and the refusal excepted to by the defendants:

1st. The presumption of law, arising on the treaty by which the lands of California were ceded, is that all lands in the State are public lands, unless it is shown that the title has passed out of the Government. The jury will presume the land is Government land, unless it appears to have been granted away. If the land is Government land, the plaintiffs cannot recover more than 160 acres of land in this action.

2d. To constitute a real and substantial inclosure, definite and notorious in its character, the plaintiffs must show that they constitute a fence and substantial artificial barrier, such as a ditch or fence, clearly marking the line of such inclosure, and the extent of the possession under it, and clearly separating the land claimed from the common ground.

3d. The plaintiffs having failed to show that any claim to the tract in controversy has ever been filed before the Commissioners, under the Act to ascertain and settle the private Land Claims in the State of California, the same is to be held and considered as part of the public domain of the United States.

4th. That the plaintiffs must show that their claim of possession does not exceed 160 acres, and that the boundaries of the same are marked out, and that they have made improvements thereon to the value of one hundred dollars.

5th. If the jury believed, from the evidence, that the defendants are in possession of whole, distinct and separate parcels of the land described in the complaint, they will find for defendants.

\* And thereupon the defendants asked the Court to    [69]
give the following instructions, which the Court gave,
with qualifications, embraced in brackets, to which qualifi-
cations defendants excepted.

If the defendants entered separately, and held separate
parcels of the land, the plaintiffs cannot maintain a joint
action against the defendants, and the defendants are enti-
tled to a verdict at your hands. [If the defendants hold
separately, and not jointly, the jury will bring in separate
verdicts against each.] The digging of a ditch across a
neck of land, bounded on the other three sides by a river,
tule and slough, is not such an inclosure as will sustain the
alleged possession of the plaintiffs. [It is, if it forms an
impassable barrier or inclosure.]

The jury brought in a verdict in favor of the plaintiffs,
and separate verdicts against the defendants, and judgment
was entered accordingly.

*Crockett & McKune,* for Appellants.

Mere possession is no proof of title in fee simple. (1
Greenl. Ev. § 51, 56; 1 Cal. 480; Adams' Eject. 32, note.
Possession, to be evidence of title in fee or to maintain
ejectment, must have continued uninterrupted for at least
twenty years. (5 Dana, 394; 9 Wend. 520; 6 Cow. 750.)

Mr. Justice HEYDENFELDT delivered the opinion of the
Court. Mr. Ch. J. MURRAY concurred.

A great many questions were raised in the argument upon
this record, but the simple proposition on which the case
must be decided, makes it unnecessary to review them
*seriatim.*

The action is for the recovery of land, upon a claim of
title based upon prior uninterrupted possession for several
years. We have always determined that possession is *prima
facie* evidence of title, and this principle is firmly fixed in
all common law jurisprudence. That its efficacy has been
impaired by modifications and conditions, by some Judges,

in other countries, is clearly manifested by the decisions But, unlike these, I see no reason to depart from the strict-est simplicity and directness in the application of the [70] rule. If we should do * otherwise, we tend to destroy its value, and introduce perplexity and uncertainty, which must lead to endless and difficult refinements.

The question in this case was, then, properly left to the jury by the District Judge, as to the possession and the identity of the land, and upon the evidence, it was clearly the duty of the Court to refuse the nonsuit.

To the shape of the verdict, to the mode of entering judgment, and to the decisions and charges of the Court, there are many exceptions, none of which, I conceive, are founded in sufficient good reason to require a separate consideration.

The injunction is a merely remedial process, and where the party obtaining it has also obtained judgment upon his cause, thus establishing the right to the main relief applied for, we will not revise the propriety of granting the writ.

Judgment affirmed.